**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

DEC 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEATING DENTAL ARTS, INC., a California Corporation, <br><br>           Plaintiff - Appellant, <br><br> v. <br><br> HARTFORD CASUALTY INSURANCE COMPANY; SENTINEL INSURANCE COMPANY, LTD., <br><br>           Defendants - Appellees. | No. 13-56775 <br><br> D.C. No. 8:13-cv-00419-DOC-AN <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted December 10, 2015
Pasadena, California

Before: REINHARDT, LUCERO,[**] and NGUYEN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Carlos F. Lucero, Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Keating Dental Arts ("Keating") appeals the district court's entry of summary judgment in favor of Hartford Casualty Insurance Company ("Hartford") and Sentinel Insurance Company, Ltd. ("Sentinel").  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The district court held that a liability policy issued by Hartford to Keating excused Hartford from defending Keating in an underlying lawsuit.  We review de novo the interpretation of the insurance policy and make an "independent determination of the meaning of the relevant contract language."  Conestoga Servs. Corp. v. Exec. Risk Indem., Inc., 312 F.3d 976, 981 (9th Cir. 2002).

At the time of the underlying suit, Keating was insured under a general liability policy from Hartford.  The policy provided liability coverage for "personal and advertising injury" arising out of "publication of material that . . . disparages a person's or organization's goods, products, or services."  However, the policy did "not apply to . . . [p]ersonal and advertising injur[ies] . . . [a]rising out of any violation of any intellectual property rights such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity" (the "IP exclusion").

In the underlying lawsuit, all of the stated claims against Keating are based on trademark infringement, and all of the factual allegations in the complaint track

-2-

the elements of a trademark claim. Keating argues that the facts alleged are also sufficient to support an implied disparagement claim. Assuming, but not deciding, that the underlying complaint supports an implied disparagement claim, any such claim nonetheless arises out of potential consumer confusion caused by the alleged trademark violation. See, e.g., Indust. Indem. Co. v. Apple Computer, Inc., 79 Cal.App.4th 817, 833 (1999). Construing the policy coverage exclusion narrowly, MacKinnon v. Truck Ins. Exchange, 73 P.3d 1205, 1213 (Cal. 2003), we hold the IP exclusion exempts Hartford from defending against such claims.

The judgement of the district court is **AFFIRMED**.